ON MOTION FOR REHEARING

PER CURIAM.
We grant appellants’ motion for rehearing/clarification, withdraw our previously filed opinion, Chera v. Tartell, No. 4D01-4231 (Fla. 4th DCA November 13, 2002), and substitute the following.
Appellants, Claudia and Michael Chera, appeal the trial court’s order granting ap-pellees, Paul and Jodi Tartell’s, Motion to Enforce Settlement Agreement and the trial court’s denial of their Motion for Rehearing. We reverse.
On September 1, 1999, appellees and appellants settled a lawsuit they had pending. Pursuant to their settlement agreement, appellants were to pay appellees a total of $52,500. The first $12,500 was payable upon execution of the agreement, with the $40,000 balance payable in monthly installments of $2,000 beginning September 1, 1999, through April 1, 2001. If appellants failed to make the payments when due, appellees were to provide notice of default to appellants’ attorney. If payment was not made within ten days thereafter, upon submission of an affidavit of default, appellees would be entitled to entry of a $100,000 judgment, plus attorney’s fees and costs.
On October 28, 1999, the parties filed a joint motion asking the court to approve their settlement agreement. The court did so in an order that retained jurisdiction to enforce the agreement’s terms.
After appellants made the payments required by the settlement agreement for one year, on October 30, 2000, appellees filed a Motion to Enforce Settlement Agreement, claiming that they had not received the September and October 2000 payments. They declared the settlement agreement in default and requested that judgment be entered in favor of appellees and against appellants for $100,000, plus attorney’s fees and costs.
Appellants filed a response which alleged that appellees had changed their address without notifying appellants. This resulted in appellants not knowing until late September 2000 that the August 2000 check had not been received by appellees. The check that had been sent for the September 2000 payment was also returned to appellants marked unknown (“Unk”) and stamped by the post office as “RETURNED FOR BETTER ADDRESS.” Once appellees gave appellants a new address, appellants sent appellees the October 2000 payment at that address, but appellees claimed they never received it. The returned September 2000 payment was re-sent by appellants’ attorney to ap-pellees’ new address on October 12, 2000, but again appellees claimed they never received it. On October 30, 2000, the same day that appellees filed their Motion to Enforce Settlement Agreement, appellants sent replacement checks for the September and October 2000 payments through Federal Express mail services to appel-lees’ new address. Appellants also sent a check for the next month’s payment, No *260 vember 2000. Appellants stopped payment on the missing checks.
Appellants stated that they had attempted in good faith to make sure that appel-lees received the payments on time, but they had not been provided with appellees’ new address. Even after appellants became aware of the new address and sent replacement checks, appellees claim they did not receive them. Appellants asserted that appellees were estopped from invoking the default provision in the settlement agreement because any default resulted from appellees’ failure to advise appellants of their new address. After being notified of the fact that payments were not being received, appellants and their counsel had attempted to resolve the issue over the missing checks, and had sent replacement checks for the August through October 2000 missing checks. In addition, they made the November 2000 payment on time.
The trial court heard argument of counsel regarding the issues presented in this case, after which it set an evidentiary hearing with the court sitting as the trier of fact. At the time of the hearing, the evidence showed that appellees had been paid the entire $52,500 owed under the settlement agreement. Testimony was presented that appellants had sent appel-lees replacement checks for August, September, and October 2000, the months that appellees claimed they had not received the checks originally mailed, and that ap-pellees had cashed and deposited those replacement checks. After appellees filed suit on October 30, 2000, appellants continued to send the monthly checks, and appel-lees continued to accept them and cash each and every check, for the months of November 2000 through March 2001. Appellants had also sent appellees the final April 2001 payment, but as of May 1, 2001, fifteen days before trial, appellees had not cashed and deposited that final payment. However, the undisputed evidence was that appellants had mailed that check and appellees presented no evidence that they had not received the check.
The trial court subsequently entered an order granting appellees’ Motion to Enforce Settlement Agreement. The order set forth the parties’ positions, and then found as follows:
18. The Court finds that the [appellants], Chera, failed to make timely payments as required by the parties’ Settlement Agreement and the Court finds that the [appellees], Tartell, followed all conditions precedent, pursuant to the Settlement Agreement, prior to filing their Motion to Enforce Settlement Agreement and for entry of judgment.
The court ordered judgment in the amount of $100,000 to be entered in favor of the appellees and against appellants, and cost and attorney fees is the amount of $11,310. Appellants filed a Motion for Rehearing which was denied.
We have reviewed the entire record and find that the trial court’s determination that appellants were in default is not supported by substantial competent evidence and we, therefore, reverse and direct the trial court to vacate the final judgment and enter judgment for appellants.
REVERSED.
STEVENSON, SHAHOOD and HAZOURI, JJ., concur.